UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE M. SKOORA,<br><br>Plaintiff,<br><br>v.<br><br>KEAN UNIVERSITY, THE STATE OF NEW JERSEY, THE BOARD OF TRUSTEES OF KEAN UNIVERSITY, KEAN FEDERATION OF TEACHERS, COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, AMERICAN FEDERATION OF TEACHERS, WILLIAM M. KEMPEY, DAWOOD FARAHI, VINTON THOMPSON, ALFRED NGOME NTOKO, and MARIA DEL C. RODRIGUEZ<br><br>Defendants. | Civ. No. 2:09-03428<br>(KM)(MAH)<br><br>MEMORANDUM OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the *pro se* Plaintiff, Bruce M. Skoora's Letter of Appeal[1] dated June 27, 2012, Docket No. 90. Skoora objects to certain of Magistrate Judge Hammer's discovery orders following a June 6, 2013 status conference. Docket Nos. 84, 86. I find that Judge Hammer's discovery rulings were well within the bounds of his discretion and that they are not clearly erroneous or contrary to the law. Accordingly, I affirm Judge

---

[1] Defendants argue that this appeal should be denied because Plaintiff has failed to comply with Fed. R. Civ. P. 72(a) and L. Civ. R. 72.1. Docket No. 89. While acknowledging that Plaintiff failed to comply with the formal filing requirements set forth under these rules regarding objections to non-dispositive orders issued by a Magistrate Judge, I have nonetheless considered this *pro se* Plaintiff's objections and affirmed Judge Hammer's discovery rulings on the merits.

Hammer's well-reasoned and balanced decisions, reflected in the Orders dated June 17, 2013 (Docket no. 84), and June 26, 2013 (Docket no. 86), and deny this appeal.

## I. Background

Plaintiff Skoora, an Associate Professor in the Department of Economics at Kean University, brought the present action in July 2009 against Kean University, the State of New Jersey, the Board of Trustees of Kean University, Kean Federation of Teachers, Council of New Jersey State College Locals, American Federation of Teachers, William M. Kempey, Dawood Farahi, Vinton Thompson, Alfred Ngome Ntoko, and Maria Del C. Rodriguez. Skoora alleges discrimination, harassment, retaliation, and unfair employment practices under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*, and the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* Docket No. 1 ("Complaint").

Discovery disputes have arisen throughout the course of this litigation. Plaintiff has repeatedly requested certain documents, while Defendants have opposed certain requests on the basis that the requests are irrelevant, overly burdensome, or unclear and ambiguous. *See* Docket No. 90-1 (Exhibit 1) ("Transcript of the June 6, 2013 Status Conference"). During the June 6, 2013 status conference, Judge Hammer heard oral argument regarding Plaintiff Skoora's March 6, 2012 letter request for an order compelling the production of certain documents (Docket No. 69). After considering the arguments, the parties' filings, and the entirety of the case file, in an Order memorializing the oral rulings made during the June 6 conference call, Judge Hammer denied Skoora's requests as to certain documents and granted them as to others. Docket No. 84.

Document Request No. 7 received separate treatment. This request Judge Hammer denied in its entirety, but without prejudice to resubmission to the court before June 17, 2013. Judge Hammer noted that any renewed version of Request No. 7 must "set forth with particularity the relevance of this request to the claims and/or defenses in this matter . . . ." *Id.* at 4. Skoora filed a renewed version of Document Request No. 7 in a letter dated June 14, 2013. Docket No. 81.

In a June 26, 2013 Order, again after reviewing plaintiff's claims and discovery requests, Judge Hammer found that Skoora failed to set forth with particularity the relevance of the documents sought in his renewed Request No.

7, as specifically required in the previous Order. Docket No. 86 at 3. Two days later, on June 28, 2013, Plaintiff Skoora filed the appeal now before the Court. In this appeal, he objects to the adverse discovery rulings in the June 17, 2013 and June 26, 2013 Orders. Docket No. 90.

## II. Discussion

Magistrate Judge Hammer properly exercised his discretion in granting Skoora's discovery requests in part and denying them in part. After reviewing the record, I find no evidence of clear error or an abuse of discretion. Indeed, Judge Hammer exercised sound judgment to strike a proper balance between Plaintiff's requests and the bounds of Fed. R. Civ. P. 26's relevance standard. On appeal, Plaintiff reiterates that he believes himself entitled to all discovery requested, but he fails to explain how Judge Hammer's rulings are clearly erroneous or contrary to the law. Judge Hammer has managed the discovery of this case for over two years and has gained a thorough knowledge of these proceedings. I agree with Judge Hammer's reasoning that certain discovery requests are overly broad and/or irrelevant under Fed. R. Civ. P. 26; *a fortiori* I do not find Judge Hammer's rulings exceeded the bounds of his discretion or clearly erred under the law.

### A. Standard of Review

The District Court will reverse a Magistrate Judge's non-dispositive order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Group*, 975 F.2d 81, 92 (3d Cir. 1992); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). Where a Magistrate Judge is authorized to exercise his or her discretion, as in a discovery matter now before this Court, the District Court will reverse the decision only for an abuse of that discretion. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). Such deference is "especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citing *Public Interest Research Group v. Hercules, Inc.*, 830 F.Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir. 1995)).

Because the issue here is one of discovery, my standard of review is deferential.

### B. There is No Clear Error or Abuse of Discretion Warranting Reversal of Judge Hammer's Discovery Rulings

While Skoora alleges that, to date, Defendants have provided "Plaintiff with none of his discovery requests," Docket No. 90 at 1, this assertion is untrue. In fact, Defendants have complied with many of Plaintiff's requests. Indeed, Judge Hammer has ordered Defendants to produce the majority of the documents requested by Plaintiff. As to the document requests that Judge Hammer denied, there is no error. The requests in contention are briefly discussed below.

#### 1. Document Requests Nos. 1, 2 and 3

Plaintiff objects to Judge Hammer's Order denying, in part, Document Requests Nos. 1, 2 and 3. Specifically, he complains (1) that the Court failed to order Kean to provide electronic discovery and produce electronic records of communications with Plaintiff; (2) that the Court omitted several categories of documents of electronic discovery to which he is entitled—policies and alleged policy violations, an A-328 performance evaluation, internal policy complaints, and alleged student complaints; and (3) that re-establishing Plaintiff's access to his Kean email account is not an adequate response to his electronic document requests.

I find no reversible error in Judge Hammer's decision to deny these requests. Judge Hammer found that specific categories of documents enumerated above were irrelevant and overly burdensome, particularly in light of other discovery provided, or found the requests vague or ambiguous. I find that such a conclusion is well within Judge Hammer's discretion and was not an abuse thereof. As to the third objection, Defendants maintain that they have confirmed with Skoora that his Kean email account is and has at all times been active, and have advised him on how to access the account. Docket No. 89 (Exhibit E). It seems that the Plaintiff has access to all electronic email documents he seeks.

#### 2. Document Requests Nos. 4 and 5

Skoora also made certain requests regarding Kean University's accreditation process. Defendants argue that Plaintiff has made no showing to suggest that these documents are relevant to his claims or that the documents would lead to relevant evidence. Judge Hammer ordered Defendants to produce copies of documents and correspondence between the Association to Advance Collegiate Schools of Business ("AACSB") regarding Kean's 2008-2009

application for membership and a copy of Middle States Accreditation's most recent decision regarding Kean's accreditation, but otherwise denied Plaintiff's request. Docket No. 84 at 3. Skoora now argues that he is entitled to "all hard copy documents regarding Kean and Middle States" and that he should receive "all supporting and/or underlying documents as well." Docket No. 90 at 19.

I do not find that there is any clear error regarding this ruling. Judge Hammer granted key discovery on the issue, but exercised his discretion to limit its scope. That is a classic discretionary ruling, and I will not overturn it. *See Salamone v. Carter's Retail, Inc.*, Civ. No. 09-5856, 2011 WL 1458063, at *2 (D.N.J. April 14, 2011 (reasoning that the boundaries of relevance are context-specific and that such a determination is within the court's discretion).

### 3. Document Request 6

Plaintiff requested the personnel files of fifteen Kean University Employees. Defendants maintain that these files, ostensibly to be used to compare Skoora's qualification to employees promoted ahead of him, are irrelevant because Skoora has not applied for a promotion in over ten years, well before October 2005, the date his claims allegedly arose. Transcript of the June 6, 2013 Status Conference at 36:4-10; Docket No. 89 at 6. Judge Hammer found that Skoora had not established a basis for thinking these personnel files were relevant to his claims, paying particular attention to the confidential nature of these documents. (Defendants were, however, ordered to produce Plaintiff's course schedule for all Economics Department courses from the fall 2005 semester to present.) Docket No. 84 at 3. Again, this is a classic judgment call as to relevance and burden, and I do not find any error that would lead me to overturn Judge Hammer's ruling.

### 4. Document Request 7

Plaintiff requested "all documents regarding a complaint of discrimination in the Biology Department" that was identified in a 2004 deposition of former Kean University President Applbaum. Docket No. 90 at 22. This request was denied during the June 6 conference call, but Plaintiff was provided an opportunity to re-file the request, setting forth "with particularity the relevance of this request to the claims and/or defenses in this matter . . . ." Docket No. 84 at 4. Plaintiff re-filed his request, but Judge Hammer determined that the renewed request still failed to set forth a basis for a finding of relevance. *See* Docket No. 86 at 3. He found that Skoora failed to establish how the incidents discussed in the 2004 deposition bore any relevance to Skoora's discrimination claim, particularly in light of the fact that the incident

5

allegedly occurred in the Biology Department on an unspecified date preceding the accrual date of Skoora's claims. *Id.* I find no clear error in Judge Hammer's discretionary denial of the request for this material.

### 5. Document Request 8

Skoora requested all documents regarding any investigation of Plaintiff or his claims as detailed in either internal complaints since October 2005 or in any policy violations. Docket No. 90 at 24. Defendants argue that Judge Hammer granted virtually everything that Skoora requested in Document Request No. 8 and that Skoora's argument for additional documents set forth in his Letter of Appeal goes beyond the scope of his original request. Docket No. 89 at 7. This appears to be correct. Plaintiff argues on appeal that he is entitled to "underlying documents concerning any reports" as well as reports that may be "deemed not to be an 'internal report.'" He also argues that he should receive any documents related to external investigations. Docket No. 90 at 24. Upon review, I find no reason to compel any further evidence as to this request; Judge Hammer permissibly allowed discovery of almost all of this material, setting only modest discretionary limits, and some of it was not even requested.

### 6. Document Request 9

Judge Hammer ordered that Defendants produce a complete list of all faculty who applied for a promotion to Associate Professor or Full Professor and a list of those who were promoted without going through the formal process, including rankings, from October 2005 to present. Docket No. 84 at 5. Plaintiff now seeks to expand the time frame, arguing that he should receive this information from 2003 to the present. Defendants again argue that Judge Hammer granted virtually everything that Skoora requested in Document Request No. 9 and that Plaintiff seeks documents related to time periods that predate the accrual of his claims and that relate to promotions that occurred during years when he did not seek promotion. Docket No. 89 at 7. I again find Judge Hammer's ruling to be reasonable and soundly within his discretion.

### 7. Document Request 10

Finally, Skoora requested documents related to an investigation of Kean University President Dawood Farahi's academic record. Judge Hammer denied this request, but he nonetheless directed Defendants to provide Skoora with all materials publicly available on Kean's website related to the investigation. Docket No. 84 at 5. Notably, Judge Hammer afforded Skoora the opportunity to file a renewed request specifying why the materials provided were insufficient

6

and why the requested confidential materials were relevant to Skoora's claims. *Id.* Plaintiff did not re-file the request. Defendants argue that Skoora has failed to establish how the Farahi investigation is at all relevant to his claims. Docket No. 89 at 7. I find that Judge Hammer's ruling was reasonable. Skoora was provided the opportunity to establish why these documents were relevant to his claims or defenses, but failed to do so.

### C. Alleged Discrepancies the June 6, 2013 Transcript

In his Letter of Appeal, Plaintiff contends that the transcript of the June 6, 2013 conference has numerous gaps and errors. Skoora now says that "his comprehensive and detailed responses to the Court [related to the relevance of his discovery requests] is largely deleted from the transcript rendering Plaintiff's answer to the Court apparently incomplete, not understandable, or nondiscernable." Docket No. 90 at 10. Skoora also argues that there is "a considerable amount of inaccurate or altered text" in the hearing transcript that does "not appear to be typos or transcription errors." *Id.* at 11.

Defendants counter that the hearing transcript appears to be complete. They also note that, although Plaintiff contends that his important and detailed arguments are missing from the transcript, he fails to specify or describe any any such arguments.

I of course was not present for the status conference and cannot say whether the transcript reflects the proceedings in its entirety. To an outside reader, there do not appear to be any glaring holes in the transcription. I need not and do not reach any factual conclusions as to this issue, however.

First, I am certain that Judge Hammer *was* present for the status conference and that he was able to listen to and consider any arguments made by the parties. During the status conference, Judge Hammer heard both parties' arguments as to the discovery disputes and made his discovery rulings.

Second, even now, Plaintiff remains free to assert to me any persuasive or dispositive argument that he believes the transcript fails to reflect. He has not done so.

Accordingly, Plaintiff's allegations as to the status conference transcript have no bearing on my conclusion that Judge Hammer's rulings are not clearly erroneous.

## III. Conclusion

For the foregoing reasons, Plaintiff Bruce M. Skoora's Letter of Appeal of Judge Hammer's June 17, 2013 and June 26, 2013 Orders, Docket Nos. 84 and 86, will be **DENIED** in its entirety.

An appropriate Order follows.

/s/ Kevin McNulty
**Kevin McNulty**
**United States District Judge**

Dated: November 15, 2013