UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRUCE M. SKOORKA,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KEAN UNIVERSITY, THE STATE OF NEW JERSEY, THE BOARD OF TRUSTEES OF KEAN UNIVERSITY, KEAN FEDERATION OF TEACHERS, COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, AMERICAN FEDERATION OF TEACHERS, WILLIAM M. KEMPEY, DAWOOD FARAHI, VINTON THOMPSON, ALFRED NGOME NTOKO, and MARIA DEL C. RODRIGUEZ**<br><br>**Defendants.** | Civ. No. 2:09-03428<br><br>(KM)(MAH)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Pursuant to Local Rule 7.1(i), *pro se* Plaintiff Bruce Skoorka seeks reconsideration, Docket No. 108, of my Opinion (the "Opinion," Docket No. 102) and Order (the "Order," Docket No. 103), filed November 15, 2013, which denied Plaintiff's Letter of Appeal dated June 27, 2012, Docket No. 90. I write this unpublished opinion primarily for the parties and will not repeat the analysis in that prior opinion; familiarity with it is assumed. This motion for reconsideration is denied, as such relief is not necessary to correct a clear error of law or to prevent manifest injustice. I deny it without oral argument, pursuant to Fed. R. Civ. P. 78. Skoorka's motion raises no substantial arguments that have not already been thoroughly briefed, considered, and decided on the Letter of Appeal of certain of Magistrate Judge Hammer's discovery orders following a June 6, 2013 status conference, Docket Nos. 84, 86.

Furthermore, Plaintiff alternatively requests that this Court certify this matter for interlocutory appeal to the Third Circuit pursuant to either 28

U.S.C. Section 1292(b) or Fed. R. Civ. P. 54(b). I find certification under either of these provisions to be inappropriate and deny Skoorka's request.

## I. Legal Standard

Motions for reconsideration are governed by Local Civil Rule 7.1(i). *Bowers v. Nat'l Collegiate Athletics Assoc.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). That Rule states:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

L. Civ. R. 7.1(i).

A motion for reconsideration is "'an extremely limited procedural vehicle.'" *Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (quoting *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)). The movant has the burden of demonstrating either: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Beety–Monticelli v. Comm'r of Soc. Sec.*, 343 F. App'x 743, 747 (3d Cir. 2009) (non-precedential). In other words, such a motion may be granted where facts or controlling legal authority were presented to, but not considered by, the court. *Mauro v. N.J. Supreme Ct.*, 238 F. App'x 791, 793 (3d Cir. 2007) (non-precedential).

Reconsideration is not warranted, however, where (1) the movant simply repeats the cases and arguments previously analyzed by the court, *Arista Recs., Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005); *see also Tehan*, 111 F. Supp. 2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered . . . ."); or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision, *id.*; *see Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."). The motion is not a vehicle for a litigant to raise new arguments or present

2

evidence that could have been raised prior to the initial judgment. *See Bapu Corp. v. Choice Hotels Int'l, Inc.*, Civ. No. 07–5938, 2010 WL 5418972, at *2 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Accordingly, relief pursuant to Rule 7.1 is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* L. Civ. R. 7.1(i). Because the requirements are so stringent, motions for reconsideration typically are not granted; rather, relief is "an extraordinary remedy" to be granted "sparingly." *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc., v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)).

## III. Analysis

The Court refers the parties to the statement of facts in the Court's November 15, 2013 Opinion. Docket No. 102. In that Opinion, I affirmed Magistrate Judge Hammer's well-reasoned and balanced discovery decisions following a June 6, 2013 status conference, reflected in the Orders dated June 17, 2013 (Docket No. 84) and June 26, 2013 (Docket No. 86), and denied Skoorka's appeal. This Court found that Magistrate Judge Hammer's discovery rulings were within the bounds of his discretion and that they were not clearly erroneous or contrary to the law. While Judge Hammer has ordered Defendants to produce the majority of the documents requested by Plaintiff, he found that certain discovery requests were overly broad and/or irrelevant under Fed. R. Civ. P. 26. Recognizing Judge Hammer's thorough knowledge of these proceedings, I agreed with Judge Hammer's reasoning and denied Skoorka's appeal.

Plaintiff now argues that the Court's denial of his appeal creates a "manifest injustice" and that the decision should be reconsidered. In short, he argues that it would be a manifest injustice to compel Plaintiff to proceed without full discovery relevant to his claims. Furthermore, Plaintiff requests, if this Court denies this motion, that it certify this matter for interlocutory appeal to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. Section 1292(b) and Fed R. Civ. P. 54(b). I will consider each request below.

3

A. <u>Motion for Reconsideration</u>

Plaintiff maintains that this Court "overlooked the relevant facts and law" in denying his appeal. Docket No. 108 at 6, 9. He argues that the Court overlooked the fact that Plaintiff is entitled to the entirety of his discovery requests, not just those items that Judge Hammer ordered to be produced. He maintains that the Court also overlooked "the law that discovery is broad and that the material sought herein are particularly relevant." *Id.* at 18. Defendants oppose the motion, arguing that Skoorka's "barely modified resubmission of his original objections to the original discovery order" fails to establish any grounds for relief. Docket No. 110 at 2.

I agree that Plaintiff has not met his burden on this Motion for Reconsideration. Plaintiff has failed to establish grounds for the relief he now seeks. He has not produced evidence that was unavailable when the Court considered his objections to Judge Hammer's discovery orders, does not cite to any changes in the controlling law, and does not detail how the Court's Opinion and Order contain any clear error of law or how this Court's ruling will result in manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Skoorka does not specify what facts or law this Court has overlooked or how such facts and legal precedent support his motion for reconsideration. Instead, Plaintiff reasserts the same arguments made in support of his earlier appeal. Such a reiteration does not suffice under the reconsideration standard. Indeed, Skoorka's motion appears to be a "classic attempt at a 'second bite at the apple.'" *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995).

As the Court has already specifically addressed each of Skoorka's objections as to his specific discovery requests, *see* Opinion at 4–7, the Court will not again address each document request individually. As I held in my Opinion and Order, Judge Hammer, well-versed in the background of these proceedings, exercised sound judgment to strike a proper balance between Plaintiff's requests and the bounds of Fed. R. Civ. P. 26's relevance standard. On appeal, Plaintiff reiterated that he believed himself to be entitled to the entirety of his discovery requests, but failed to explain how Judge Hammer's rulings were clearly erroneous or contrary to law. Finding no clear error, I affirmed Judge Hammer's rulings. While Plaintiff certainly has the right to disagree with this Court's ruling, such disagreement, without more, is insufficient under the motion for reconsideration standard under L. Civ. R. 7.1(i). Thus, the extraordinary remedy of reconsideration is inappropriate here.

Finally, Skoorka argues that Magistrate Judge Hammer has failed to take remedial action in regard to Defendants' failure to produce documents that Judge Hammer ordered to be discovered. Docket No. 114. He contends that Judge Hammer has failed to hold Defendants accountable for their discovery violations. Docket No. 114 at 2. These objections seem to be in the nature of a motion to compel discovery that has been ordered by Magistrate Judge Hammer; they are not relevant to this appeal from adverse discovery rulings. To the extent these objections may relate to documents that Judge Hammer did *not* order to be discovered, I deny Skoorka's Motion for Reconsideration for the reasons stated above.

### B. Certification for Interlocutory Appeal to the Third Circuit

In the alternative, Plaintiff asserts that he is entitled to an interlocutory appeal under Fed R. Civ. P. 54(b) and 28 U.S.C. Section 1929(b). I find that neither provision is applicable under these circumstances and I will not certify these discovery rulings for interlocutory appeal.

Federal Rule 54(b) provides:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Supreme Court has set forth the steps a court must take in making determinations under Rule 54(b). First, a district court must determine that it is dealing with a "final judgment." "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). Only upon a finding of finality, the court must then determine whether there is "any just reason for delay." *Id.* at 8.

These are discovery rulings. None of Plaintiff's claims for relief have been adjudicated by the orders in question. Therefore, no final judgment has been or

5

will be directed by the Court on any claim or against any party. Accordingly, certification to the Third Circuit under Fed. R. Civ. P. 54(b) is unwarranted here.

Certification for interlocutory appeal is likewise inappropriate under 28 U.S.C. Section 1292(b). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). A district court may certify a non-final order for interlocutory appeal where the following criteria are met: "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and that (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003). Even where these requirements are met, the decision to certify an appeal rests within the discretion of the Court. *See In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 704 (M.D. Pa. 2009). An interlocutory appeal is used sparingly, and should not be used merely because a party disagrees with a Court's ruling. *Cardona v. Gen. Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996) (quoting *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 282 (E.D.Pa. 1983)).

Plaintiff has not met his burden to show why he is entitled to an interlocutory appeal of these discovery disputes. The issue before the Court does not raise a controlling or novel question of law; it is primarily one of discretion. There is no dispute that the Magistrate Judge and this Court have broad discretion in managing discovery and other pre-trial issues. There is no disagreement as to the proper standard of review. Judge Hammer's discovery rulings struck a proper balance between Plaintiff's requests and the bounds of Fed. R. Civ. P. 26's relevance standard. On appeal, Plaintiff reiterated that he believed himself entitled to all discovery requested, but he failed to explain how

Judge Hammer's rulings are clearly erroneous or contrary to the law. Finding no clear error in regard to this routine discovery ruling, I affirmed Judge Hammer's rulings. An appeal of the discovery order would, if anything, delay, not hasten, the ultimate termination of this already-protracted litigation. Accordingly, Skoorka has not established a right to interlocutory appeal for this Court's discovery order and his request for certification under 28 U.S.C. Section 1292(b) is denied.

## CONCLUSION

For the foregoing reasons, the motion of Bruce M. Skoorka's Motion for Reconsideration is **DENIED**. An appropriate order will be filed with this opinion.

_____
**KEVIN MCNULTY**
**United States District Judge**
