UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRUCE M. SKOORKA,** | Civ. No. 2:09-03428 |
| Plaintiff, | (KM)(MAH) |
| v. | |
| **KEAN UNIVERSITY, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

      This matter comes before the Court on the motion (ECF no. 132) of the plaintiff, Bruce M. Skoorka, for leave to appeal from this Court's grant of summary judgment to the defendants on most of the plaintiff's claims. (ECF Nos. 130, 131) Skoorka cites 28 U.S.C. § 1292(b), which provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:
>
> *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As defendants point out, I did not so certify on my order granting summary judgment; I interpret this motion, however, as a request that I do so.

Certification of an interlocutory appeal requires two things: (1) a controlling question of law as to which there is substantial ground for difference of opinion; and (2) a finding that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Neither is present here.

Skoorka's motion essentially rehashes his arguments that the University has discriminated against and otherwise wronged him. My summary judgment was primarily an analysis of the competing proofs in order to determine whether they presented a genuine, material issue of fact under the standard of Fed. R. Civ. P. 56(c).

Skoorka does, however, make a valid point about the administration of the case. He has asserted some fifteen claims, which are alleged to constitute a continuing course of conduct extending over a period of many years. My summary judgment decision, although it did not decide all of them, decided almost all of them in defendants' favor. What remains is a portion of Count One, encompassing only three particular allegations of retaliation, and only against the Kean parties.

Trial of the few remaining allegations would be the proverbial tail of the dog. If an immediate appeal were likely to settle and dispose of all outstanding issues, I might see the matter differently, but as it is, claims continue to proliferate, Skoorka has filed another, related action (Civ. No. 14-4561), and proceedings are likely to go on.

While an immediate appeal might make my job easier, that is not the standard; I cannot find that there are substantial, debatable issues of law, or that an immediate appeal would likely advance the termination of litigation.

## ORDER

The plaintiff, Bruce M. Skoorka, having filed a motion (ECF No. 132) pursuant to 28 U.S.C. § 1292(b) to certify the issues in my summary judgment decision (ECF Nos. 130, 131) for interlocutory appeal; and the defendants having filed responses (ECF Nos. 133, 134); and plaintiff having filed a reply (ECF no. 135); and the court having reviewed the submissions and decided the matter without oral argument;

IT IS, this 25th day of February, 2016,

ORDERED that the motion is DENIED.

_____
**Kevin McNulty**
**United States District Judge**