**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRUCE M. SKOORKA,**<br>    Plaintiff,<br>v.<br>**KEAN UNIVERSITY, et al.,**<br>    Defendants. | To be filed in<br>    Civ. Nos. 09-3428<br>    and 14-4561<br><br>**MEMORANDUM OPINION** |

**Introduction**

   Dr. Bruce M. Skoorka is a tenured associate professor of Economics and Finance at Kean University. Over the course of his employment, he has frequently complained of discrimination and alleged other illegal or wrongful conduct by Kean. He filed an action against Kean in New Jersey state court in 2001 (a suit he ultimately lost at trial). In 2007 (amended and refiled in 2009), he filed a second action (the "First DNJ Action") in this Court (Civ No. 09-3428) against Kean and the union representing professors, as well as persons affiliated with those entitities. In 2014, he filed this, a third action, against the same defendants in the U.S. District Court for the Southern District of New York, but venue was immediately transferred back to this district, and it was assigned Civ. No. 14-4561.

   Now before the Court are two motions to dismiss the Complaint. ("Cplt.", ECF No. 1) One is brought on behalf of what are designated the "Kean defendants": Kean University, its Board of Trustees, its president, and the former chair of Skoorka's department, William Kempey. (ECF No. 10) The second is brought on behalf of what are designated the "Union defendants": the

1

Kean Federation of Teachers, the Council of New Jersey State College Locals, and Maria Rodriguez. (ECF No. 31)

For the reasons set forth herein, and also in my summary judgment opinion in the First DNJ Action (the "SJ Opinion," Civ. No. 09-3428, ECF Nos. 130, 131), I will administratively terminate all motions and consolidate the two cases. Plaintiff if granted leave to file an amended and supplemental pleading, but only to the extent described at pp. 5–6 of this opinion and in the accompanying order.

Because I write for the parties, familiarity with the record, both of this case and of the First DNJ Action, is assumed.

**Analysis**

Defendants assert that the complaint fails to state sufficient facts to make out a plausible legal claim for relief.

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank,*

2

712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the movant has answered, a Rule 12(b)(6) motion may be deemed a Rule 12(c) motion for judgment on the pleadings. *E.g., Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). As relevant here, the governing standards are the same. *Id.*

The complaint in this action consists of a check-box form that also requires, in keeping with the Federal Rules, that the plaintiff briefly state the facts, including dates, places, and persons involved, giving rise to a claim. Skoorka's form complaint states briefly and in conclusory fashion that the defendants violated his rights in connection with his employment. (Cplt. ¶ II.E) It incorporates by reference, however, an attached charge of discrimination filed with the EEOC in New York on January 24, 2014. (Cplt. at pp. 5–9) Also attached is the EEOC's Dismissal and Notice of Suit Rights. (*Id.* pp. 10-15)

The EEOC Charge contains some 40 numbered paragraphs. Were we writing on a clean slate, I might indulge a questionable pro se complaint, but we are not. As explained below, the complaint not only fails to give any specifics; it fails to state how the claims therein differ in any way from those already asserted (and for the most part disposed of on summary judgment) in the First DNJ Action.

The 40 numbered paragraphs of the EEOC Charge closely track the allegations that Skoorka has asserted in the First DNJ Action. Defendants exaggerate somewhat, but not much, in characterizing it as a "cut and paste."

Here is Skoorka's own summary of the allegations in his brief in response to the motions to dismiss:

x

712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the movant has answered, a Rule 12(b)(6) motion may be deemed a Rule 12(c) motion for judgment on the pleadings. *E.g., Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). As relevant here, the governing standards are the same. *Id.*

The complaint in this action consists of a check-box form that also requires, in keeping with the Federal Rules, that the plaintiff briefly state the facts, including dates, places, and persons involved, giving rise to a claim. Skoorka's form complaint states briefly and in conclusory fashion that the defendants violated his rights in connection with his employment. (Cplt. ¶ II.E) It incorporates by reference, however, an attached charge of discrimination filed with the EEOC in New York on January 24, 2014. (Cplt. at pp. 5–9) Also attached is the EEOC's Dismissal and Notice of Suit Rights. (*Id.* pp. 10-15)

The EEOC Charge contains some 40 numbered paragraphs. Were we writing on a clean slate, I might indulge a questionable pro se complaint, but we are not. As explained below, the complaint not only fails to give any specifics; it fails to state how the claims therein differ in any way from those already asserted (and for the most part disposed of on summary judgment) in the First DNJ Action.

The 40 numbered paragraphs of the EEOC Charge closely track the allegations that Skoorka has asserted in the First DNJ Action. Defendants exaggerate somewhat, but not much, in characterizing it as a "cut and paste."

Here is Skoorka's own summary of the allegations in his brief in response to the motions to dismiss:

712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where the movant has answered, a Rule 12(b)(6) motion may be deemed a Rule 12(c) motion for judgment on the pleadings. *E.g., Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). As relevant here, the governing standards are the same. *Id.*

The complaint in this action consists of a check-box form that also requires, in keeping with the Federal Rules, that the plaintiff briefly state the facts, including dates, places, and persons involved, giving rise to a claim. Skoorka's form complaint states briefly and in conclusory fashion that the defendants violated his rights in connection with his employment. (Cplt. ¶ II.E) It incorporates by reference, however, an attached charge of discrimination filed with the EEOC in New York on January 24, 2014. (Cplt. at pp. 5–9) Also attached is the EEOC's Dismissal and Notice of Suit Rights. (*Id.* pp. 10-15)

The EEOC Charge contains some 40 numbered paragraphs. Were we writing on a clean slate, I might indulge a questionable pro se complaint, but we are not. As explained below, the complaint not only fails to give any specifics; it fails to state how the claims therein differ in any way from those already asserted (and for the most part disposed of on summary judgment) in the First DNJ Action.

The 40 numbered paragraphs of the EEOC Charge closely track the allegations that Skoorka has asserted in the First DNJ Action. Defendants exaggerate somewhat, but not much, in characterizing it as a "cut and paste."

Here is Skoorka's own summary of the allegations in his brief in response to the motions to dismiss:

  (a) Defendants denied Plaintiff a promotion, while promoting less qualified persons outside his protected classes (including without limitation persons that did not engage in protected activities);

  (b) Defendants denied Plaintiff his designated courses and intentionally cancelled and/or changed courses he selected, while allowing his peers outside his protected classes to teach the courses they wanted to teach;

  (c) Defendants denied Plaintiff a two-day teaching schedule while allowing his peers outside his protected classes to maintain such a schedule;

  (d) Defendants interfered with Plaintiffs employment and teaching schedule at NYU;

  (e) Defendants denied Plaintiff office supplies and access to facilities and equipment, while providing such items to his peers outside his protected classes;

  (f) Defendants denied Plaintiff a safe and secure parking space on campus, while providing such accommodations to his peers outside his protected classes;

  (g) Defendants (or their agents) made death threats to Plaintiff; and

  (h) Other recent incidents of discrimination and retaliation.

(ECF No. 11, at 6–7)

  These are precisely the allegations that Skoorka asserted in the First DNJ Action, which I treated extensively in my Opinion on the summary judgment motions there. For the most part, he failed to produce any evidence of them, or even any specific statement of them.

  In response to the defendants' motions, Skoorka states that the claims in this action are "new and fresh"—in effect, an update of the New Jersey claims. He states that the Title VII claims in this action "cover the period of about April 6, 2013 forward"; that the LAD claims "cover the period of about June 27, 2012 forward"; and that his CEPA claims "cover the period of about June 27, 2013 forward." (ECF No. 33, at 18-19)

  The trouble is that these claims appear to assert, not approximately, but almost precisely what Skoorka asserted in the First DNJ Action. (I note that, in

the summary judgment opinion, I did not confine this *pro se* plaintiff to the facts as they existed in 2009, when the complaint was filed, but discussed all of his allegations, including the more recent and ongoing ones.)

The origin of the New York complaint is clear: Skoorka acknowledges that he went to New York because "to date, it has not been possible for Plaintiff to obtain a fair hearing of his claims against Defendants in New Jersey." (ECF no. 11 at 21). To all appearances, he simply refiled his New Jersey claims in New York, but declared them to be "recent" and "new" in response to the motions to dismiss. Nevertheless, the SDNY transferred venue back to New Jersey, and all of those claims are now in this Court. The motions are concerned with the effect that the claims in the First DNJ action should have upon this action. But the distribution of these claims across two separate actions is a procedural artifact. This is in fact a single, ongoing controversy between the same parties. The claims, if not identical (which remains to be seen) are at the very least closely interrelated. I intend to resolve all claims against all parties, and will use my discretion to ensure that this occurs.

I therefore opt for a practical solution under Rule 42(a), Fed. R. Civ. P.[1] *See, e.g., Reckitt Benckiser LLC v. Amneal Pharmaceuticals LLC,* 2016 WL 208295, at *2 (D.N.J. Jan. 15, 2016) ("IT IS FURTHER ORDERED that this Court sua sponte finds that the above-captioned matters involve common questions of law and fact and, therefore, the above-captioned matters shall be consolidated pursuant to Federal Rule of Civil procedure 42(a)"); *Taylor v. Essex Cnty. Corr. Fac.,* 2011 WL 3298516, at *1 (D.N.J. July 25, 2011).

All motions in this action are administratively terminated. The action under this civil number, 14-4561, will be consolidated with the earlier-filed

---

[1]
(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
    (1) join for hearing or trial any or all matters at issue in the actions;
    (2) consolidate the actions; or
    (3) issue any other orders to avoid unnecessary cost or delay.

First DNJ action against the same defendants, Civ. No. 09-3428, and further filings will take place in that action.

The problem remains that the complaint filed in this action, 14-4561, does not clearly state whether, let alone how, its claims are distinct from those already alleged in the First DNJ and discussed in my summary judgment opinion. Mr. Skoorka is therefore granted leave to file a proposed supplemental and amended complaint. That supplemental and amended complaint shall state clearly, with dates, places, and names of participants, the acts that he alleges post-date those encompassed by the First DNJ action thus far. It shall not rehash the history of events already the subject of the First DNJ action complaint and summary judgment motions. Particular facts must be alleged in support of the contention that the claims are new. That supplemental and amended complaint shall be filed within 30 days of this opinion and order. The defendants shall answer or otherwise respond to that supplemental and amended complaint within 30 days of filing.

An appropriate order follows.

Dated: Newark, New Jersey
February 25, 2016

_____
KEVIN MCNULTY
United States District Judge